**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKY MCFARLAND, | ) | FILED: JULY 24, 2008 |
| | ) | 08CV4195 |
| Plaintiff, | ) | JUDGE LEINENWEBER |
| | ) | MAGISTRATE JUDGE NOLAN |
| vs. | ) | EDA |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### INTRODUCTION

1.    Plaintiff Ricky McFarland brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.    The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

## VENUE AND JURISDICTION

4.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and  28 U.S.C. §§1331, 1337 and 1367.

5.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications were received by plaintiff within this District;

b.    Defendant transacts business within this District.

## PARTIES

6.    Plaintiff Ricky McFarland  is an individual who resides in the Northern District of Illinois.

7.    Defendant NCO Financial Systems, Inc. is a corporation with principal offices in Pennsylvania.  It does business in Illinois.  Its registered agent and office within Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.    NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.    NCO Financial Systems, Inc. is a debt collector as defined in the FDCPA.

10.    NCO Financial Systems, Inc. is a "collection agency" subject to the ICAA.

## FACTS

11.    Defendant has been attempting to collect from plaintiff an alleged defaulted debt incurred for personal, family or household purposes, namely educational purposes.

12.    On July 3, 2008, plaintiff sent defendant a letter directing cessation of telephone calls to himself, his spouse and his parents.  A copy is attached as Exhibit A.  The letter was received on the morning of July 7, 2008.

13.    Between July 7 and July 17, 2008, defendant placed numerous additional

2

collection calls to plaintiff regarding the same debt.

14.    For example, the following message was left on plaintiff's voicemail on

July 16, 2008 at about 11.38 a.m.:

> Hi, this message is for Rick. Hello, Rick, this is Gay Matthew [?] calling from NCO Financial Systems. Rick, you do need to contact me please. Today is July 16th. I will be in the office until 5.30 Eastern time. You can reach me at 800-236-3100 x 5065. Thank you.

15.    The following message was left on plaintiff's voicemail on July 17, 2008

at about 1.53 p.m.:

> Hi Rick. This is Gay Matthew [?] calling you from NCO Financial. Rick, do give me a call. Please let's get this matter resolved so you can continue. Please do contact me. Its urgent that you contact me. 800-236-3100 x 5065. Thank you.

16.    The telephone number 800-236-3100 is issued to NCO Financial Systems,

Inc., or its corporate predecessor OSI Collection.

## COUNT I – FDCPA

17.    Plaintiff incorporates by reference paragraphs 1-16.

18.    Defendant's messages violated 15 U.S.C. §§1692c, 1692d and 1692e(11).

19.    Each telephone message was a "communication" subject to the FDCPA.

*Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v.*

*M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J.*

*MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,*

1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin*

*v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla.,

July 14, 2006).

20.    The messages violate 15 U.S.C. §1692c, 1692dand 1692e(11)  because:

a.    Neither message contains the warning required by 15 U.S.C.

§1692e(11).

b.    Defendant was obligated to cease communication under 15 U.S.C.

3

§1692c.

        c.      The continuation of the phone calls was intended to and did harass

plaintiff..

21.     Section 1692c provides:

**(c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**

**(1)     to advise the consumer that the debt collector's further efforts are being terminated;**

**(2)     to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**

**(3)     where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

.

22.     Section 1692d provides:

**§ 1692d.     Harassment or abuse [Section 806 of P.L.]**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. . . .**

23.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

24.     Plaintiff was frightened and upset by the messages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

> (1)     Statutory damages;
>
> (2)     Actual damages;
>
> (3)      Attorney's fees, litigation expenses and costs of suit;
>
> (4)      Such other and further relief as the Court deems proper.

### <u>COUNT II  – ILLINOIS COLLECTION AGENCY ACT</u>

25.     Plaintiff incorporates by reference paragraphs 1-16.

26.     Defendant violated the following provisions of 225 ILCS 425/9:


**. . . (15) Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family. . . .**


27.     Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances:**

**(1) At any unusual time, place, or manner that is known or should be known to be inconvenient to the debtor. In the absence of knowledge**

5

**of circumstances to the contrary, a debt collector or collection agency shall assume that the convenient time for communicating with a debtor is after 8 o'clock a.m. and before 9 o'clock p.m. local time at the debtor's location. . . .**

**(c) If a debtor notifies a debt collector or collection agency in writing that the debtor refuses to pay a debt or that the debtor wishes the debt collector or collection agency to cease further communication with the debtor, the debt collector or collection agency may not communicate further with the debtor with respect to such debt, except to perform any of the following tasks:**

**(1) Advise the debtor that the debt collector's or collection agency's further efforts are being terminated.**

**(2) Notify the debtor that the collection agency or creditor may invoke specified remedies that are ordinarily invoked by such collection agency or creditor.**

**(3) Notify the debtor that the collection agency or creditor intends to invoke a specified remedy.**

**If such notice from the debtor is made by mail, notification shall be complete upon receipt. . ..**

28.      A private right of action exists for violation of the ICAA.  Sherman v.

Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

29.      Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor

of plaintiff  and against defendant:

a.      Compensatory and punitive damages;

b.      Costs.

c.      Such other and further relief as is appropriate.


/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
          & GOODWIN, L.L.C.

120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

### **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

JUDGE LEINENWEBER
MAGISTRATE JUDGE NOLAN
EDA

July 3, 2008


OSI Collection Services
PO Box 7526
Dublin, OH  46219



To Whom It May Concern:

Please allow this letter to serve as a request for hearing regarding payment of debt and wage garnishment for Bunny McFarland (DOB 06/14/1976) (SS# ending 0211).

Again, you are asked to cease and desist all phone calls to myself, my spouse, and my parents.  Please, communicate to us through standard mail or email.


Yours Sincerely,


Bunny McFarland



Chicago, IL



PLAINTIFF'S
EXHIBIT

A